UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

    Petitioner,                          CASE NO. 5:06-CV-13355

v.                                        HONORABLE JOHN CORBETT O'MEARA
                                            UNITED STATES DISTRICT COURT

HELEN MARBERRY,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Jack Smith ("Petitioner"), a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan, is challenging a determination by the Federal Bureau of Prisons ("BOP") concerning his eligibility for placement in a Community Corrections Center ("CCC"). For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus without prejudice.

**I. Discussion**

The instant petition must be dismissed, because petitioner acknowledges that he has failed to exhaust his administrative remedies with the BOP prior to filing the instant petition.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d

1

953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. 2003). The burden is on the habeas petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, petitioner has failed to meet his burden of showing exhaustion of administrative remedies. Petitioner has failed to demonstrate that he has exhausted each of the claims contained in his habeas petition by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Petitioner has not shown that exhaustion would be futile. Exhaustion requires that Petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See, e.g., Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980); *See also Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D.Mich. July 11, 2006)(rejecting petitioner's argument that it would be futile for him to attempt to exhaust his administrative remedies with the BOP regarding his eligibility for placement in a community corrections center prior to seeking habeas relief).

## II.  ORDER

The Court concludes that Petitioner has not fully exhausted his administrative

remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), *Hervey v. United States*, 105 F. Supp. 2d 731, 736 (E.D. Mich. 2000), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**S/JOHN CORBETT O'MEARA**
UNITED STATES DISTRICT COURT

DATED: August 11, 2006

Certificate of Service

I hereby certify that a copy of this Opinion and Order was served upon counsel and/or parties of record electronically and/or by U. S. Mail on August 13, 2006.

s/William Barkholz
Case Manager
